UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-9,

    Plaintiff,

v.

    Case No. 20-10641

    Hon. George Caram Steeh

THE UNIVERSITY OF MICHIGAN,
THE REGENTS OF THE UNIVERSITY
OF MICHIGAN (official capacity only),

    Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

Plaintiff filed this action against the University of Michigan, alleging that he was sexually abused by Robert Anderson, a physician formerly employed by the University. Plaintiff alleges the following causes of action: Count I, violation of Title IX; Count II, violation of 42 U.S.C. § 1983 (state created danger); Count III, violation of § 1983 (right to bodily integrity); Count IV, violation of § 1983 (failure to train); Count V, violation of the Michigan Elliott-Larsen Civil Rights Act; Count VI, violation of the Michigan Constitution (bodily integrity); Count VII, violation of the Michigan Constitution (state created danger); Count VIII, gross negligence; Count IX, negligence; Count X, vicarious liability; Count XI, express/implied agency; Count XII, negligent supervision; Count XIII, negligent failure to warn or

protect; Count XIV, negligent failure to train or educate; Count XV, negligent retention; Count XVI, intentional infliction of emotional distress; Count XVII, negligent infliction of emotional distress; and Count XVIII, fraud and misrepresentation.

This court has federal question jurisdiction over Plaintiff's complaint, based upon his four claims arising under Title IX and § 1983. The court may exercise supplemental jurisdiction over Plaintiff's fourteen state law claims, which is a matter of discretion. The court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims. . . ." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The court may decline to exercise supplemental jurisdiction if "it appears that the

state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726-27. When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.*

Plaintiff's federal claims arise under the U.S. Constitution and Title IX, whereas his state claims are significantly broader and arise under the Michigan Constitution, the Elliott-Larsen Act, and various categories of common law tort. If state claims are retained, their number and wide-ranging nature will allow them to substantially predominate over the relatively discrete federal claims. *See* 28 U.S.C. § 1367(c)(2).

Further, retaining the state claims risks complicating the proceedings and confusing the jury, creating compelling reasons for declining supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(4); *Frankel v. Detroit Medical Center*, 409 F. Supp. 2d 833, 835 (E.D. Mich. 2005).

> The attempt to reconcile these two distinct bodies of [state and federal] law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of

> supplemental state claims may be offset by the problems they create.

*Id.* "Such is the case here." *Id.* For example, legal issues such as the standards governing immunity and recoverable damages are different under state and federal law, leading to complicated proceedings and potential jury confusion. *See Brown v. Scaglione*, 2020 WL 674291 at *3 (E.D. Mich. Feb. 11, 2020). The court concludes that such concerns overshadow and diminish the convenience of hearing all of Plaintiff's claims in one forum. *See Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*, 2015 WL 4078142 at *6 (E.D. Mich. Jul. 2, 2015) (finding the convenience of hearing state and federal claims together "is outweighed by the possibility of confusion about the issues, legal theories, defenses, and possible relief"). Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(c)(2) and (c)(4).

IT IS HEREBY ORDERED that Counts V-XVIII of Plaintiff's complaint are DISMISSED WITHOUT PREJUDICE.

Dated: March 25, 2020

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE